UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X   CV 07-11446 (RMB)
CHATIE GRAHAM,

                     Plaintiff,           **VERIFIED ANSWER**

      -against-

J.B. HUNT TRANSPORT, INC., and
JAMES B. TABOR,

                     Defendants.
------------------------------------------------------------X

      Defendant, J.B. HUNT TRANSPORT, INC. and JAMES B. TABOR by their attorneys, NEWMAN FITCH ALTHEIM MYERS, P.C., as and for their answer to plaintiff's complaint, respectfully allege upon information and belief as follows:

      1.    Denies having knowledge or information sufficient to form a belief as to the allegations contained in paragraphs "1", "14", "15", "16", "17", "18", "19", and "20" of plaintiff's complaint.

      2.    Denies having knowledge or information sufficient to form a belief as to the allegations contained in paragraph "2" except admits that J.B. Hunt Transport, Inc. is a Georgia Corporation with a principal place of business in Lowell, Arkansas.

      3.    Denies having knowledge or information sufficient to form a belief as to the allegations contained in paragraph "5" except admits that defendant Tabor was employed by J.B. Hunt at the times alleged.

      4.    Denies having knowledge or information sufficient to form a belief as to the allegations contained in paragraphs "11" and "12" and leave all matters of law for the Court.

5. Admits to the allegations contained in paragraphs "3", "4", "6", "7", "8", "9", "10", and "13" of plaintiff's complaint.

6. Denies the allegations contained in paragraphs "21", "22", "23", "24", "25", "26", "27", and "28" of plaintiff's complaint.

### AS AND FOR AN ANSWER TO THE SECOND CAUSE OF ACTION

7. As to paragraph "29" of plaintiff's verified complaint this answering defendant repeats, reiterates and realleges each and every answer herein as if more fully set forth at length.

8. Denies having knowledge or information sufficient to form a belief as to the allegations contained in paragraph "30" of plaintiff's complaint.

9. Denies the allegations contained in paragraphs "31" and "32" of plaintiff's complaint.

### AS AND FOR A FIRST, SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

10. That the comparative negligence of the plaintiff has barred her from relief against these answering defendants. If, in fact, the accident occurred as alleged in the complaint, said damages occurred as a result of the plaintiff's own provocation, carelessness, negligence, improper and culpable conduct and the plaintiff is thereby guilty of comparative negligence as a result thereof, in whole or in part, or alternatively, any verdict which may be found against the defendant will be reduced by the proportionate culpability of the plaintiff for her negligence, want of care and culpable conduct.

### AS AND FOR A SECOND, SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

11. That further the injuries complained of by the plaintiff was caused in whole or in part or were rendered more severe by virtue of the fact that plaintiff failed to utilize the seat belts, shoulder harnesses or other restraining devices attached to the vehicle in which he was riding at the time that the accident occurred.

### AS AND FOR A THIRD, SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

12. As a further separate and complete affirmative defense to plaintiff's complaint, defendants allege that plaintiff, at all times mentioned in the complaint, having full knowledge of the dangers at hand, assumed the risk of injury to herself; that despite said full knowledge, plaintiff voluntarily persisted in said activity, although she was free to stop said dangerous activity at any time; that any injury or damage resulting from the incident complained of was sustained by the plaintiff by reason of plaintiff's assumption of risk of injury to herself, and not otherwise.

### AS AND FOR A FOURTH, SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

13. That the complaint fails to state a cause of action upon which relief can be granted by virtue of the fact that plaintiff has failed to sustain serious injuries for which she is entitled to compensation as defined in 5102(4)(d) of the Insurance Law and are thus not entitled to relief by this Court.

### AS AND FOR A FIFTH, SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

14. That in the event of any judgment or verdict on behalf of the plaintiff, the defendants are entitled to a set-off or verdict with respect to the amounts of any payments

made to the plaintiff for medical and other expenses prior thereto pursuant to § 4545 of the CPLR.

### AS AND FOR A SIXTH, SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

15. This action does not fall within one or more of the exceptions set forth in CPLR § 1602 and thus the defendant is responsible only for its pro rata share of any verdict that may be rendered against them.

*WHEREFORE*, the answering defendants **J.B. HUNT AND JAMES B. TABOR**, demands judgment dismissing plaintiff's verified complaint together with the costs and disbursements of this action.

Dated: New York, New York
       December 21, 2007

                                    NEWMAN FITCH ALTHEIM MYERS, P.C.

                                    By: _____
                                    Robert A. Fitch (RF2198)
                                    Attorneys for Defendant
                                    J. B. HUNT TRANSPORT, INC.
                                    14 Wall Street
                                    New York, New York 10005-2101
                                    (212) 619-4350
                                    (File No.: JBH 16388)

To:    MARK E. SEITELMAN LAW OFFICES, P.C.
       Attorneys for Plaintiff
       111 Broadway, 9th Floor
       New York, New York 10006
       (212) 962-2626

Robert A. Fitch (RF2198)
Newman Fitch Altheim Myers, P.C.
14 Wall Street
New York, New York 10005-2101
(212) 619-4350
Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHATIE GRAHAM, | : |
| Plaintiff, | : |
| vs. | : |
| J.B. HUNT TRANSPORT, INC. and JAMES B. TABOR, | : |
| Defendants. | : No. 07 CV 11446 |

### CERTIFICATE OF SERVICE

    I certify that a copy of the amended answer was served upon the attorney of record for the plaintiff, Mark E. Seitelman Law Offices, P.C. by Regular Mail on December 21, 2007.

Dated: December 21, 2007

                                                                      Robert A. Fitch (RF2198)

Index No.: 11446   Year 2007   RJI No..   Hon.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CHATIE GRAHAM,

                                      *Plaintiff,*

-against-

J.B. HUNT TRANSPORT INC., and JAMES B. TABOR,

                                      *Defendants.*

## VERIFIED ANSWER

NEWMAN FITCH ALTHEIM MYERS, P.C.
*Attorneys for Defendants – J.B. HUNT TRANSPORT, INC &
James Tabor
Office and Post Office Address, Telephone*

14 WALL STREET
NEW YORK, N.Y. 10005-2101
(212) 619-4350

To                                  Signature (Rule 130-1.1-a)

                                  Print name beneath

Attorney(s) for

Service of a copy of the within                 is hereby admitted.

Dated,
                                  Attorney(s) for

Please take notice

NOTICE OF ENTRY
that the within is a (*certified*) true copy of a
duly entered in the office of the clerk of the within named court on

NOTICE OF SETTLEMENT
that an order                    of which the within is a true copy will be presented for
settlement to the HON.                           one of the judges
of the within named court, at
on                        at                M

Dated,                                Yours, etc.
                                NEWMAN FITCH ALTHEIM MYERS, P.C.
                                *Attorneys for*
To                                *Office and Post Office Address*
                                14 WALL STREET
Attorney(s) for                   NEW YORK, N.Y. 10005-2101